[Franklin v. The State.]

# Franklin *v*. The State.

*Selling Liquor Without A License.*

(Decided Dec. 17, 1908.  Rehearing denied Jan. 14, 1909.
48 South. 348.)

*Intoxicating Liquors; Distiller's License; Rights Conferred.*—Section 4122, Code 1896, separates the business of distilling and of selling liquor, and a license in one instance does not authorize the doing of the other; nor will a distiller's license authorize the sale of whisky in territory made a prohibition district under the provisions of sections 491-511, Code 1907.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

Durward Franklin was convicted of selling spirituous liquor without license, and he appeals.  Affirmed.

R. B. BARNES and HILL, HILL & WHITING, for appellant.  The trial court erred in giving the general charge for the state.  The defendant had a distillers license, and he certainly had the right to dispose of his products. —26 Cyc. 70; Sec. 2361 Code 1907.  The act of 1907, now Code 1907, Secs. 507 and 508, does not repeal the sections licensing distillers.—*Montgomery v. National B. & L. Assn.,* 108 Ala. 336.

ALEXANDER M. GARBER, Attorney General, for the State.

DOWDELL, J.—The defendant was indicted for selling spirtuous liquor without a license and contrary to law.  The trial was had on an agreed statement of facts, which is set out in the transcript, and by which it was shown that the defendant had a distiller's license, but no license to sell, and that he did sell spirtuous

[Herring, et al. v. The State.]

liquor. The sale was made in the county of Chambers during the year 1908. The county of Chambers was at the time a prohibition district by virtue of an election held under Act Feb. 26, 1907 (Gen. Laws 1907, p. 200), as amended by Act Aug. 7, 1907 (Gen Laws 1907, p. 626), which said act has been adopted into the Code of 1907 as sections 492-511, art. 25, p. 373, vol. 1, and by which said act the issuance of a license to sell liquor in said county was forbidden.

The insistence by counsel for appellant is that the license to distill implied the right to sell the product of the distillery. There is no merit in such contention. Apart from the prohibition statute against selling, the statute under which the defendant obtained his license to distill (section 4122 of the Code of 1896), regulating license tax, provided for a separate license in different amounts for distilling and selling, clearly separating the two businesses. So under the old statute as it then stood, prior to the act of August, 1907, a license to distill implied no authority to sell. A fortiori there could be no implied authority to sell under a license to distill, in the face of a statute postively prohibiting a sale.

The judgment appealed from is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.


*Selling Liquor Without A License.*

